# MATTHEW J. KLUGER
ATTORNEY AT LAW

---

888 GRAND CONCOURSE, SUITE 1H
BRONX, NEW YORK 10451
(718) 293-4900 • FAX (718) 618-0140
www.klugerlawfirm.com

July 22, 2019

By ECF
Honorable P. Kevin Castel
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

        Re:    **United States v. Ramon Ramirez**
                    **19 Cr. 395 (PKC)**

Dear Judge Castel:

      Pursuant to the Criminal Justice Act, I was assigned to represent Ramon Ramirez following his arrest on June 13, 2019.  Rule 9 proceedings were held on June 13, 2019 before Magistrate Judge Katharine H. Parker and the defendant was arraigned on the above-referenced Indictment before your Honor on June 19, 2019.[1] The defendant has been detained on consent since his arrest in order to allow the defense additional time to prepare a bail package for the Court's consideration.  Notwithstanding the nature of the allegations against the defendant, in balance, the defense respectfully submits that there *are* bail conditions that the Court could set which could reasonably assure Ramirez's appearance and the safety of any other person and the community.  Accordingly, the defense writes now pursuant to 18 U.S.C. § 3145(b) to respectfully request that the Court either grant bail as requested herein or, in the alternative, hold a bail hearing forthwith.[2]

1.     Legal Principles

      The Eighth Amendment to the Constitution states that "[e]xcessive bail shall not be required." U.S. Const. Amend. VIII.  Consistent with this prohibition, the Bail Reform Act ("*BRA*") of 1984, codified in Title 18, United States Code, Section 3142 directs that a "judicial officer shall order the pretrial release of a person . . . subject to the *least restrictive* condition or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ."

---

[1] A conference in this matter is scheduled for August 2, 2019 at noon.
[2] The Government, through AUSA Celia Cohen, continues to believe that Mr. Ramirez should be detained.  If it is convenient for the Court, all parties are available for a detention hearing either this Thursday, July 25, 2019 after 12:00 p.m. or all day Friday, July 26, 2019.

1

18 U.S.C. § 3142(c)(B).  Under the BRA, "it is only a 'limited group of offenders' who should be denied bail pending trial." <u>United States v. Shakur</u>, 817 F.2d 189, 195 (2d Cir.1987)(quoting S.Rep. No. 98-225, at 7 (1984).

In determining whether to release or detain a defendant pending trial, the BRA instructs the court to consider *in this order*:

a. release of the defendant on personal recognizance or unsecured appearance bond;

b. release of the defendant on conditions reasonably necessary to assure the appearance of the defendant as required and to assure the safety of any person and the community; or

c. pretrial detention if the court finds that no condition or combination of conditions will reasonable assure the appearance of the person and the safety of any person or the community.

In making its determination, the statute directs the court to consider, *inter alia*, (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence (2) the weight of the evidence (3) the history and characteristics of the defendant including family ties, length of residence in the community, community ties, criminal history, and record concerning appearance at court proceedings (4) whether, at the time of the offense, the person was on probation, parole or other release; and (5) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. <u>See</u> 18 U.S.C. § 3142(g).

2. <u>The Proposed Bail Conditions</u>

In-line with the above, the defense respectfully requests that bail in this matter be set as follows:
- A **$250,000 personal recognizance bond** to be secured by two (or three) financially responsible persons with close ties to the defendant and the family home in Staten Island, recently appraised to be worth approximately $700,000 (Appraisal Report available upon request);
- Travel restricted to the Southern and Eastern Districts of New York;
- The defendant has no passport and will make no new applications;
- Curfew to be enforced by electronic monitoring;
- Any and all other conditions that the Court deems necessary and appropriate.

Ramon Ramirez has a wife and two children, strong community ties, owns a successful business and does not present a risk of flight. Moreover, upon information and belief, the case against Ramirez rests almost exclusively on the word of a violent felon with little or no corroboration.  Accordingly, the defense respectfully submits that the above conditions are more than adequate to satisfy the Court that Mr. Ramirez does not pose a threat and will make all

future court appearances as required.[3]

3. <u>The Nature and Circumstances of the Offense</u>

The indictment alleges that in or about 2017, the defendant conspired with his codefendant, Vance Collins, and another individual ("*the cooperator*") to kill an individual that was allegedly having an affair with the defendant's wife in violation of 18 U.S.C. §1958.[4] Upon information and belief, it appears that the heart of the Government's case comes from the mouth of an individual who, notwithstanding his prior state felony convictions for fraud, assault, and narcotics, is currently facing his *second* federal indictment involving the possession of firearms.[5] Moreover, the cooperators allegations are belied by the fact that, as far as the defense can tell from the discovery produced thus far, no one ever approached, harmed, or attempted to harm the wife's paramour.

Other than some evidence to suggest that the defendant did meet the cooperator on several prior occasions (a fact that the defense does not dispute), there does not appear to be any objective evidence that the defense has seen so far to corroborate the cooperator's claim. For example, there are no recordings, witnesses, or financial records to back-up the cooperator's obviously self-serving allegations. Certainly, particularly where the statute requires the court to consider the weight (or lack thereof) of the Government's case, it would be unfair and unjust in the extreme to require this 49-year-old defendant, with no criminal record, his own business, and strong community and family ties, to remain incarcerated pending trial based solely on the unchallenged and uncorroborated allegations of one cooperating individual.  This is particularly true where this same individual has a long and well-documented history of committing violent and dishonest acts. In short, it can hardly be said that the Government's case against Ramirez is particularly strong or beyond genuine challenge.

4. <u>Ramon Ramirez Has Strong and Verifiable Ties to the Community</u>

Ramon Ramirez is 49-years old.  He came to the United States from Nicaragua in 1996 and has lived in and around New York City ever since.  He has one prior DWI conviction.  In or around 2007, Ramirez purchased a home in Staten Island where he has lived with his wife of 12-years and two children (ages 16 and 12) ever since.  Prior to starting his own HVAC business, the defendant worked as the director of operations for a nursing home in Queens for 12 years.  Thereafter, in or around 2017, Ramirez started his own heating and air-conditioning business, *E and R Refrigeration Services*, which generally employs between 10 to 15 individuals at any given time.  As its owner, Ramirez is the face of his business; the longer he remains incarcerated, the less likely it is that his business, its contracts, and his employees, will be able to remain viable.

---

3 Although Mr. Ramirez was recently interviewed by Pretrial Services, the defense has not yet seen the Pretrial report or bail recommendation.
4 Under the statute, if convicted, the defendant faces a maximum of 10 years imprisonment.
5 Among other things, the cooperator also violated his supervised release on several occasions and even assaulted a corrections captain at Rikers Island while previously incarcerated.

     Ramon Ramirez has shown himself to be a productive, law-abiding, hard-working parent and member of the community. Clearly he is not one of the "limited groups of offenders who should be denied bail pending trial."

## CONCLUSION

     Ramon Ramirez has strong family and community ties and does not pose a threat to the safety of any other person and the community. Accordingly, the defense respectfully requests that bail be set as requested herein.

     Respectfully Submitted,

/s/ *Matthew J. Kluger*
Matthew J. Kluger, Esq.
*Attorney for Ramon Ramirez*

cc:    AUSA Celia V. Cohen
       AUSA Christopher Brumwell