UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                          :
:
      - v. -                                            :
:
VANCE COLLINS,                                    :   19 Cr. 395 (PKC)
    a/k/a "Big AK," and                           :
:
RAMON RAMIREZ,                                    :
    a/k/a "Obendy,"                               :
:
                Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

                                          GEOFFREY S. BERMAN
                                          United States Attorney for the
                                          Southern District of New York
                                          One St. Andrew's Plaza
                                          New York, New York 10007

Celia V. Cohen
Christopher Brumwell
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - v. -

VANCE COLLINS,
    a/k/a "Big AK," and

RAMON RAMIREZ,
    a/k/a "Obendy,"

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19 Cr. 395 (PKC)

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude by asking whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

### Summary of the Case

This is a criminal case. The defendants, Vance Collins and Ramon Ramirez, have been charged in an Indictment with violating certain federal laws. The Indictment was returned by a grand jury sitting in this District.

The Indictment itself is not evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.

I will now summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury. In brief, Collins and Ramirez are charged with violating the laws that make it a crime to hire someone to commit a murder and to agree to hire someone to commit a murder. No one is alleged to have been killed or injured. Collins is also charged with unlawfully possessing three firearms.

The Indictment therefore contains three counts or charges:

Count One charges that in or about 2017 through in or about 2018, Collins and Ramirez agreed to pay someone to murder an individual believed to be having an affair with Ramirez's wife.

Count Two charges that that in or about late 2017, Collins and Ramirez in fact hired someone for that purpose.

Count Three charges only Collins with unlawfully possessing three firearms on or about June 13, 2019.

1.  Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them? Have you read or heard anything about this case?

## Ability to Render a Fair Verdict

2.  Do you feel that you could not fairly and impartially sit as a juror in a case involving the charges that I have described to you? Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

3.  As I have explained, Count One charges the defendants with conspiracy, or agreeing to commit a crime. As I will explain to you in more detail at the end of the trial, agreeing to commit a crime is itself a crime. It is the agreement itself that is prohibited, and it

does not matter if the defendants or their co-conspirators actually completed the objective of the conspiracy. Does any juror feel that the law should not separately prohibit agreements to commit crimes, as opposed to the commission of the crimes themselves, even if the underlying crime is not successfully completed?

4. Does the fact that the charges involve allegations of murder-for-hire affect your ability to render a fair verdict?

5. Do any of you feel that the fact that the charges involve the illegal possession of firearms may affect your ability to render a fair verdict? Do any of you have any opinion about the enforcement of the federal firearms laws that might prevent you from being fair and impartial in this case?

6. Does any juror own a gun? Has any juror received training in the use of firearms? Do any of you believe that the laws governing the possession of firearms should not be enforced?

7. Has any juror been involved—as a defendant, victim, or any other way—in a case involving a murder, shooting, or any firearms offenses?

8. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to firearms? If so, when and what did you do? Have any of you ever supported or belonged to any organizations involved in such work?

**Views on Certain Witnesses, Investigative Techniques, and Evidence**

9. The witnesses in this case will include law enforcement witnesses. Would any of you be more likely to believe a witness merely because he or she is a member of a law

enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

10. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case? Would you have a bias for or against the Government because the Government conducted such a search, or used evidence obtained from such a search?

11. You may hear testimony in this case from one or more cooperating witnesses, that is, a witness who at one time was involved in illegal activity, but who has now pled guilty to crimes and is testifying on behalf of the Government in the hope of receiving a lower sentence. I instruct you that the use of such cooperating witnesses is perfectly legal and is often a necessary law enforcement tool. Do any of you have any experience with or feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner?

12. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

13. Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?

14.     If this trial generates media attention, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook and Twitter—until after this case is over?  If not, please raise your hand.

### Knowledge of the Trial Participants

15.     The defendants in this case are Vance Collins and Ramon Ramirez.  [*Please ask the defendants to rise*.]  Does any juror know, or has any juror had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

16.     To your knowledge, do any of your relatives, friends, associates, or employers know or have any dealings with the defendant or with any relative, friend, or associate of the defendant?

17.     Mr. Collins is represented by Mr. Eric Breslin and Ms. Arletta Bussiere.  [*Please ask all defense counsel to stand*.]  Do any of you know Mr. Breslin or Ms. Bussiere?  Has any juror had any dealings with them or with individuals in their office?

18.     Mr. Ramirez is represented by Mr. Matthew Kluger.  [*Please ask all defense counsel to stand*.]  Do any of you know Mr. Kluger?  Has any juror had any dealings with him or with individuals in his office?

19.     The prosecution, referred to as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Geoffrey S. Berman.  The conduct of the trial will be in the immediate charge of Assistant United States Christopher Brumwell and Celia Cohen.  They will be assisted by [*Government to supply name of case agent prior to trial*], and by [*Government to supply name of paralegal prior to trial*], a paralegal specialist in the U.S. Attorney's Office.  [*Please*

*ask them to stand*]. Do any of you know Mr. Berman, Mr. Brumwell, Ms. Cohen, [*case agent*], or [p*aralegal*]? To your knowledge, have you, your family members, or your close friends had any dealings with any of them?

20. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

*[List of names to be supplied]*

21. Do any of you know any of those people? Have you had any dealings, directly or indirectly, with any of them? To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

### Knowledge of Locations

22. Events in this case took place at and around these locations:

*[List of places to be supplied]*

Are any of you particularly familiar with any of these locations?

### Relationship with the Government

23. Does any juror, or his or her relative or close friend, work in law enforcement, the justice system, or the courts? In what capacity? Has any juror had any contact with anyone in law enforcement, the justice system, or the courts that might influence his or her ability to evaluate this case?

24. Does any juror know, or have any association—professional, business, or social, direct or indirect—with any member of the United States Attorney's Office for the Southern District of New York?

25. Does any juror know, or have any association—professional, business, or social, direct or indirect—with any member of the FBI?

26. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service? Have you had any legal, financial, or other interest in the outcome of such a dispute? Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

27. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the FBI?

28. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against law enforcement? Has any juror participated in any demonstrations in support of or against law enforcement?

**Prior Jury Service**

29. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Without telling us what the verdict was, did the jury reach a verdict?

30. Have you ever at any time served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

**Experience as a Witness, Defendant, or Crime Victim**

31. Have any of you, or your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a congressional

7

or state legislative committee, licensing authority, or governmental agency?  Have you or anyone close to you been questioned in any matter by a law enforcement agency?

32.  Have you ever been a witness or a complainant in any hearing or trial?

33.  Are you or any member of your family now under subpoena, or, to your knowledge, about to be subpoenaed in any criminal case?

34.  Have you, any member of your family, or any of your close friends ever been charged with a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.*]

35.  Has any juror or any friend, associate, or relative ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.*]

36.  Has any juror, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a congressional committee?

37.  Has any juror ever studied or practiced law or worked in any capacity for a law office?

### Experience with Experts

38.  You may hear testimony in this case by expert witnesses.  Let me advise you that the use of expert testimony is proper in the context of this case.  Has any juror had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

## Basic Legal Principles

39. Under the law, the facts are for the jury to decide and the law is for the Court. The two areas are separate and distinct. At the end of the case, I will instruct the jury on the law, and the jury is required to accept and apply the law as I explain it. If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law. Do any of you believe that you would have any difficulty following this instruction? If so, please raise your hand.

40. Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this for any reason prevent you from applying the law in this case as stated by the Court? Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

41. Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

42. In a criminal case the burden of proof remains with the prosecution. It never shifts to the defendant. For the jury to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

43. I will also instruct the jury that as you consider whether the Government has met its burden of proof, you must consider each count of the Indictment separately. Is there anyone who feels he or she cannot evaluate each count separately? If so, please raise your hand.

44. You are required by law to make your decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would any of you have difficulty accepting and applying this rule of law? If so, please raise your hand.

45. A defendant in a criminal case has the right to testify and the right not to testify. If a defendant does not testify, the jury may not draw any inference against him based on that decision. The fact that a defendant chooses not to testify may not enter into a jury's deliberation at all. If you have any difficulty accepting this legal principle, please raise your hand.

46. Under the law, the question of punishment, if any, is for the Court—that is, for me—to decide, and thus the issue of possible punishment must not enter into your deliberations as to whether the defendant on trial here has been proven guilty beyond a reasonable doubt. Are any of you unable to accept that instruction? If so, please raise your hand.

47. Do any of you believe that our system of criminal justice improperly favors either the prosecution or the defense? If so, please raise your hand.

48. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you feel that, even if the evidence established the guilt of the defendant beyond a reasonable doubt, you might not be able to render a guilty verdict

10

against the defendant for reasons unrelated to the law and the evidence, including any religious, philosophical, or other belief? If so, please raise your hand.

49. In the alternative, if the Government fails to prove the defendant's guilt beyond a reasonable doubt, is there any juror who feels he or she could not render a verdict of not guilty with respect to the defendant? If so, please raise your hand.

50. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you? If so, please raise your hand.

51. From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess. Please understand that while you are waiting, we are working. The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

**Ability to Sit as Jurors**

52. Does any juror have a problem with his or her hearing or vision, or any other medical problem, which would prevent him or her from giving full attention to all of the evidence at this trial?

53. Is any juror taking any medication that would prevent him or her from giving full attention to all the evidence at this trial?

54. Does any juror have any difficulty reading or understanding the English language in any degree?

55. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict in a criminal case?

56. After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case should last approximately one week. Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for the juror to serve?

### Questions for Individual Jurors

I am now going to ask each of you a few questions designed to give the parties a better idea of you as a person. Again, these questions are not designed to embarrass you or make you feel uncomfortable. They are simply meant to give the parties a little more information about you.

57. What is your county of residence? How long have you lived there? *[If Manhattan or the Bronx, it is requested that the Court inquire as to the general neighborhood.]*

58. What is the highest level of schooling you have completed?

59. What is your present employment? How long have you held your current position? If retired, what did you do before?

60. Do you have a spouse or partner? If so, how is he or she employed?

61. Do you have any children? How old are they? If they are adults, how are they employed?

62. Is there anyone else living in your household? Who? What do they do for a living?

63. Which magazines, newspapers, and other periodicals do you read on a regular basis?

64. What television and radio programs do you watch or listen to on a regular basis? Which, if any, do you rely on for news?

65. What Internet websites do you visit on a regular basis? What Internet sources, if any, do you rely on for news?

66. Do you use online social networking sites, such as Facebook, Twitter, LinkedIn, or Instagram? Will you be able to follow my instructions not to "post" or "message" or "chat" or communicate in any way on social networking sites about the case during your service as a juror? Will you be able to follow my instructions not to do online research about the defendant, witnesses, or charges in this case?

67. Have you ever served in the military?

68. Do you belong to or volunteer your time to any associations, organizations, clubs or unions?

69. What else do you do in your spare time?

**Summary Question**

As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror. So let me ask you one final time, is there anything—whether I have asked specifically about it or not—that would affect your ability to render a fair and impartial verdict in this case?

**Requested Instructions Following Empanelment of the Jury**

From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your own family or friends.

If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom they will, and should, ignore you.  Please do not take offense. They will only be acting properly by doing so.

If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then

hear what it is and what you have to say. Of course, I do not expect anything unusual or improper to happen.

Dated: New York, New York
February 18, 2020

                                    Respectfully submitted,

                                    GEOFFREY S. BERMAN
                                    United States Attorney

                    By:            /s/
                                    Celia V. Cohen
                                    Christopher Brumwell
                                    Assistant United States Attorneys