‡ **APPENDIX B** ‡

## IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE ___Southern___ DISTRICT OF ___New York___

CASE NO.: ~~#####~~ 19-cr-395(PKC)

UNITED STATES OF AMERICA,

vs.

Ramon Ramirez
_____
Defendant

_____/

*The ABA Model Rules do not apply in this district. The New York Rules of Professional Conduct apply. See Local Civil Rule 1.4(b)(5). The New York Rules do not contain ABA Model Rule 1.6(d).*

MOTION FOR AN ORDER PURSUANT TO ABA RULE 1.16(d) DIRECTING
COUNSEL TO SURRENDER PAPERS RELATED TO CRIMINAL CASE

*Application DENIED without prejudice.*

Comes Now, ~~##~~ Ramon Ramirez _____, the Defendant  pursuant to American Bar

Association's Rules of Professional Conduct ... 1.16(d) or Rule 47 FRCrP and does hereby moves

for an order directing court appointed/retained counsel to surrender papers related to this

criminal case. Because counsel upon the termination of his/her representation of Defendant, failed

to surrender papers or property to which the Defendant is entitled, notwithstanding Defendant's

repeated requests for him/her to provide the following documents checked below:

*SO ORDERED
[signature]
U.S.D.J.
4-12-23*

(Check Those Documents Which Counsel Failed To Provide)

| | |
|---|---|
| ☒ Grand Jury Transcripts. | ☒ Jury Verdict Form |
| ☐ Indictment or charging instruments. | ☐ Post Trial Motion(s) |
| ☐ Search/Arrest warrant(s) and Supporting Affidavits. | ☐ Presentence Report |
| ☐ Preliminary Hearing Transcripts. | ☐ Sentencing Hearing Transcripts. |
| ☒ Pretrial Motion Hearing Transcripts | ☐ Judgment Sentence & Commitment Orders |
| ☐ Plea Hearing Transcripts | ☒ FD-302s |
| ☐ Written Plea Agreement | ☐ Appellate Briefs |
| ☒ Trial Transcripts | ☐ Appendix to Appellate Briefs |
| ☐ Jury Instructions | ☐ Other:_____ |

*Disclaimer, all of the material contained in this Habeas Procedural Cite Manual is for informational purposes only, it was not written by an attorney and is not intended as legal advise. It is best that you consult with a competent and licensed attorney before using any information written herein, especially if you are not trained in the science of law and the rules of federal courts.

*Mailed to Ramirez 4/12/2023*

## ARGUMENT

American Bar Association's Rules of Professional Conduct 1.16(d) states that:

(d) In connection with any termination of representation, a lawyer shall take timely steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee or expense that has not been earned or incurred

The Courts have interpreted Rule 1.16(d) literally. See, e.g., **In re Douglass**, 859 A.2d 1069, 2004 D.C. App. LEXIS 520 (2004)("Failure to release client files or papers. - Upon an attorney's termination of representation of clients, he violated ...  R. 1.16(d) by refusing to surrender their papers and property unless they agreed to sign a malpractice liability release...");  **In re Brown**, 912 A.2d 568, 2006 D.C. App. LEXIS 638(2006)("Attorney violated .... R. Prof. Conduct 1.16[(d)] by failing to take timely steps to the extent practicable to protect f his client's interests, such as surrendering papers and property to which the clients were entitled, in connection with the termination of their representation.");  " **In re Weideman**, 327 Fed. Appx. 215; 2009 U.S. App. Lexis 9703(2009 CA2)(The "Respondent [attorney] has engaged in the following professional misconduct: [by] .... Failing to return .... papers and property to which the client is entitled upon termination of representation, in violation of MRPC 1.16(d)"); **Hudak v. Times Publ'g Co.**, 534 F.Supp.2d 546(W.D. Penn. 2008)("Rule 1.16(d) provides, in relevant part: Upon termination of representation, a lawyer shall .... surrender[] papers and property to which the client is entitled..."); **In re Am. Metrocomm Corp**, 274 B.R. 641 @ 657(D.Del. 2002 ("Louisiana Rule of Professional Conduct 1.16(d) provides that, upon termination, a lawyer must do that which is reasonably practicable to protect his client's interest. .... This includes 'surrendering papers and property to which the client is entitled."); **Greig v. Macy's Northeast**, 1997 U.S. Dist. Lexis 22841; No. 95-1259 (D.NJ 11/19/1997)"The conduct of attorneys admitted to practice before this court is governed by the American Bar Association's Rules of Professional Conduct ... 1.16(d) states in

*Disclaimer, all of the material contained in this Habeas Procedural Cite Manual is for informational purposes only, it was not written by an attorney and is not intended as legal advise. It is best that you consult with a competent and licensed attorney before using any information written herein, especially if you are not trained in the science of law and the rules of federal courts.
©

pertinent part: (d) Upon termination of representation, a lawyer shall ... surrender[] papers and property to which the client is entitled ..."); **United States v. Oakley**, 2008 U.S. Dist. Lexis 78721(E.D. Tenn. 2008)("In cases such as this, where an attorney is required, for whatever reason, to cease his representations of a client, [Rule 1.16(d) further state that: Upon termination of the representation of a client, a lawyer shall ... promptly surrender[] papers and property of the client and any work product prepared by the lawyer for the client ...") **Gjeci v. Gonzales**, 451 F.3d 416, @ 422(2006 CA7)("To be sure, a lawyer's professional responsibility upon withdrawal includes .... delivering to the client all papers and property to which the client is entitled. MODEL RULES OF PROF'L CONDUCT R. 1.16(d)(2004). None of this happened here, as we simply cannot understand why Baranyk apparently made no effort to have Gjeci's documents examined then improperly retained them for over two years. Gjeci may have had a colorable claim for ineffective assistance counsel, had he followed the procedures..."); **United States v. Cannon**, 383 F.Supp.2d 1075(C.D. Ill 2005)("The court held that counsel clearly violated Rule 1.16(d) by failing to turn over defendant's files since counsel's explanations for the failure were demonstrated to be patent lies"); **United States v. Osborne**, 2006 U.S. Dist. Lexis 16219(E.D. Ak 2006)("The Court assumes and expects that Mr. Adams will comply with Rule 1.16(d)"); and **Butler v. United States**, 2007 U.S. Dist. Lexis 86366(D. Idaho 2007)("An attorney shall surrender papers and property to which the client is entitled....'")

### RELIEF SOUGHT:

Wherefore, based upon the foregoing reasons or authorities defendant prays that this court will direct his appellate/trial counsel to supply him with the information that he/she failed to provide him with as indicated in the boxes checked above.

By: _Ramon A. Ramirez_

Print Your Name Here: _Ramon Ramirez_

*Disclaimer, all of the material contained in this Habeas Procedural Cite Manual is for informational purposes only, it was not written by an attorney and is not intended as legal advice. It is best that you consult with a competent and licensed attorney before using any information written herein, especially if you are not trained in the science of law and the rules of federal courts.

CERTIFICATE OF SERVICE

I Hereby Certify that a true and correct copy of the foregoing **MOTION FOR AN ORDER PURSUANT TO ABA RULE 1.16(d) DIRECTING COUNSEL TO SURRENDER PAPERS RELATED TO CRIMINAL CASE** has been sent via U.S. Mail postage prepaid to;

Mathew Kluger & Beverly Van Ness

on 3 / 13 / 2023

By _(signature)_
(Sign Your Name Above)

Print Your Name Here:
Address:
City:
State and Zip Code:

Ramon Ramirez 86958-054
FCC-Beaumont-Med
P.O. Box 26040
Beaumont. TX 77720-6040

---

\* See, e.g. USDOJ v. Julian, 486 U.S. 1, 108 S.Ct. 1606, 100 L.Ed.2d 1(1988)("With respect to a federal presentence investigation report on a criminal defendant who has been adjudged guilty, Exemption 3 of the ... (FOIA)(5 USCS § 552(B)(3))-which exempts from FOIA disclosure certain materials specifically exempted by other statutes-permits" does not apply "when the individual requesting discovery of the [presentence investigation report] is the subject of the report.")

*Disclaimer, all of the material contained in this Habeas Procedural Cite Manual is for informational purposes only, it was not written by an attorney and is not intended as legal advise. It is best that you consult with a competent and licensed attorney before using any information written herein, especially if you are not trained in the science of law and the rules of federal courts.

© 20