UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

RAMON RAMIREZ,

Defendant.

---

19-cr-395 (PKC)

ORDER

CASTEL, Senior District Judge:

On May 12, 2021, defendant was sentenced principally to a term of imprisonment of 120 months.  (Minute Entry, May 12, 2021; ECF 154.)

On June 11, 2024, defendant, proceeding pro se, moved for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively.  (ECF 169.)  The United States Probation Department has issued a report indicating that defendant is not eligible for a sentence reduction.

Defendant is precluded from receiving a "Status Points" adjustment because he did not receive an enhancement for committing the instant offense while under a criminal justice sentence.  Defendant is ineligible for a "Zero-Points Offender" reduction because he did not have zero criminal history points at the time of his original sentencing.

Defendant claims in his motion that he "actually has zero criminal history points" because his criminal history of one point stems from a 2008 conviction for operating a motor vehicle while under the influence of alcohol.  Defendant asserts that the prior conviction "must have been less than 15 years ago, and you must serve a year and a day in order for it to figure as points on your criminal history."  (ECF 169 at 4.)

1

According to the PSR, defendant was sentenced to three years' probation on December 19, 2008 for the driving under the influence charge (PSR ¶ 38), his offense conduct began in 2017 (PSR ¶¶ 2, 3 & 12), and one criminal history point was assigned. Defendant did not object to the facts in that paragraph of the PSR at the time of his original sentencing, although he did agree with the Court's correction of a typo in the immediately preceding paragraph (PSR ¶ 37) regarding a 2003 conviction for which he received no criminal history points.  (ECF 161, Tr. at 5.)

Section 4A1.1(c) states that, when calculating criminal history points, "1 point for each prior sentence not counted in (a) or (b)" should be added.  Section (a) provides that 3 points should be added for each prior sentence of imprisonment exceeding one year and one month, while section (b) provides that 2 points should be added for each prior sentence of imprisonment of at least sixty days not counted in section (a).  Id.  Because defendant's 2008 sentence did not include any term of imprisonment, his conviction is calculated under section 4A1.1(c).  Section 4A1.2(e)(2) states that "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted."  As the PSR states, defendant's involvement in the instant offense began in 2017.  Here, the December 19, 2008 sentence was imposed within 10 years of the commencement of the instant offense.  Therefore, defendant's criminal history points were calculated correctly, and he is ineligible for a Zero-Point Offender sentence reduction.

It is hereby ORDERED that the defendant is ineligible for a sentence reduction under Amendment 821 and the motion (ECF 169) is DENIED.  Because the defendant is ineligible for a sentence reduction, his request for the appointment of counsel to assist him with this motion is denied as moot.

The Clerk of Court is respectfully requested to terminate the motion (ECF 169).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: July 19, 2024
     New York, New York

COPY MAILED TO:

Ramon Ramirez, Register No. 86958-054
FCI LORETTO
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
CRESSON, PA  16630